UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| MARKUS REY LUCIFER ARCHULETA, | Case No. 1:16-cv-00453-DCN |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| CORIZON (MENTAL HEALTH), IDAHO DEPARTMENT OF CORRECTION (SICI/ISCI B-H-U-UNIT), GENTILIA BREWER a/k/a/ NURSE JEN, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Defendant Gentilia Brewer's Motion for Summary Judgement. Dkt. 24. Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to GRANT Brewer's Motion.

## II. BACKGROUND

Plaintiff Markus Archuleta was previously incarcerated at the Idaho State Corrections Center in Boise, Idaho. On March 17, 2017, Archuleta filed a *pro se*

Complaint alleging various violations of 42 U.S.C. § 1983.

On February 13, 2017, United States Magistrate Judge Candy Dale issued an Initial Review Order permitting Archuleta to proceed on his Eighth Amendment claims if he stated claims against appropriate defendants. Dkt. 8. Accordingly, Archuleta filed the instant Amended *pro se* complaint on March 17, 2017. Dkt. 9.

Judge Dale subsequently transferred this case to the undersigned as not all parties had consented to the jurisdiction of a United States Magistrate Judge. Dkt. 10. Thereafter, the Court issued a successive review order outlining that Archuleta could proceed with his Eighth Amendment claims against Defendants Jeremy Clark and Nurse "Jen" (i.e. Gentilia Brewer).

In his Complaint, Archuleta alleges that while incarcerated at the Idaho State Correction Center, Brewer violated his Eighth Amendment rights through deliberate indifference to his serious medical needs. Specifically, Archuleta alleges that Brewer terminated one of his mental health medications, Effexor, and that he was in danger of causing physical harm to himself without the medications. Brewer moved for summary judgement on January 25, 2019.[1] Archuleta failed to respond.

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] Defendant Clark has not joined Brewer's Motion for Summary Judgment nor filed a motion of his own at this point.

Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

### IV. DISCUSSION

In this case, the Court does not need to reach the merits of Brewer's Motion for Summary Judgement, as procedural grounds exist for granting her Motion.

Brewer filed her Motion for Summary Judgement on January 25, 2019. On February 26, 2019, the Clerk of the Court sent Archuleta its standard Notice to *pro se*

litigants outlining what the Court required him to do.² The Notice explained what a motion for summary judgement is, and how and when Archuleta needed to respond to the motion. The Notice also included the following warning:

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dkt. 27, at 2 (emphasis in original). To date, Archuleta has not filed anything with the Court in response to the motion for summary judgement. Archuleta could have requested more time to respond, however, he failed to do so, and his time to respond has passed.

Idaho District Local Rule 7.1 outlines that:

> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure shall not be deemed a consent to the granting of said motion by the Court. However, if a party *fails to properly support an assertion of fact or fails to properly address another party's assertion of fact* as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the Court nonetheless *may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment* if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

Idaho Dist. Loc. R. 7.1(e)(2) (emphasis added). Accordingly, pursuant to this Court's Notice to Archuleta, as well as Local Rule 7.1, his failure to timely respond to Brewer's

---

² In *Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir. 1988), the Ninth Circuit held that prisoners (and others) must receive fair notice of the requirements of Rule 56. In this Court—as in courts across the nation—this notice is a standard form sent to all *pro se* litigants (including prisoners) explaining Rule 56 and what they must do when a motion under Rule 56 has been filed.

MEMORANDUM DECISION AND ORDER - 4

Motion for Summary Judgement is deemed acquiescence to the facts alleged in the motion, and the Court must grant judgement in Brewer's favor.

Even if the procedural grounds for dismissal were not present here, there are independent substantive bases for granting Brewer's motion for summary judgement. A claim against a prison official for violating the Eighth Amendment under 42 U.S.C. § 1983 is only cognizable if his or her "acts or omissions [are] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because discontinuation of Archuleta's prescription did not rise to the level of deliberate indifference, and Archuleta suffered no substantial harm, his claim is dismissible on summary judgement.

First, when considering deliberate indifference, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this [type of] claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (internal quotation marks, alterations, and citations omitted). Here, Archuleta admits that he was taking methamphetamine while incarcerated. Dkt. 24-2, at 2. Additionally, he apparently refused to use a mood stabilizer when taking Effexor. *Id.* Considering those two factors, taking Effexor would have been very dangerous for Archuleta.[3] *Id.* The

---

[3] In her declaration, Jane E. Seys, PH.D., NP-BC, states that during this time "Archuleta was being treated for suspected bipolar disorder. For a bipolar patient, an antidepressant (like Effexor) taken without a mood stabilizer can result in a potentially harmful manic state. In addition, Mr. Archuleta had recently stated that he was using methamphetamine while incarcerated. Effexor can have dangerous interactions with methamphetamine." Dkt. 24-5, at 3.

decision to withhold Effexor from him is thus a valid decision from a medical or mental health practitioner. It is therefore, not deliberate indifference.

Second, as to substantial harm, Archuleta claims he received his dose of Effexor later in the day than he normally would have on December 18, 2015. However, the undisputed facts here show that no harm, much less substantial harm, could have befell Archuleta because he received a daily dose of Effexor in the evening on the day in question rather than the morning. Dkt. 24-2, at 4. Thus, there is no substantial harm. Considering the procedural and substantive grounds for dismissal outlined above, the Court grants Brewer's motion for summary judgement.

## V. ORDER

The Court HEREBY ORDERS:

1. Defendant Gentilia Brewer's Motion for Summary Judgement (Dkt. 24) is GRANTED.

DATED: June 5, 2019

David C. Nye
Chief U.S. District Court Judge